Dr. D'Orsay B. **BRYANT** et al.,
Plaintiffs-Appellants,

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD**, Robert J. Aertker, Superintendent, et al., Defendants-Appellees.

No. 72–2309
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1972.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

**520**

---

Johnnie A. Jones, Walter C. Dumas, Baton Rouge, La., for plaintiffs-appellants.

John F. Ward, Jr., Baton Rouge, La., for defendants-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The appeal arises from a class action seeking reapportionment of the East Baton Rouge School Board.[1] The appellants filed suit on May 19, 1972, and simultaneously moved for a preliminary injunction against school board elections scheduled for August 19, 1972. On May 22, 1972, the District Court ordered that the defendants be served and ordered to answer.[2]

The appellants have appealed from the District Court's action on May 22nd, characterizing the brief order alternatively as a denial of a hearing on their motion and as a denial of a preliminary injunction.

28 U.S.C.A. § 1292(a)(1) provides that Courts of Appeal shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts . . . granting, con-

tinuing, modifying, *refusing* or dissolving injunctions . . . . [emphasis added]

The District Court in this case issued no order refusing to grant a preliminary injunction. It merely declined to set a hearing on the plaintiff's motion until the defendants were served.[3] The order of May 22nd in no sense refused a hearing on the merits of the motion for preliminary injunction which, in accordance with Fed.R.Civ.P. 65(a), could have been set well before the August 19th elections.

This court lacks jurisdiction of this appeal and the same is

Dismissed.

---

1. The substance of the complaint is that multimember school board districts dilute the voting strength of the black population of East Baton Rouge Parish. *See,* Whitcomb v. Chavis, 403 U.S. 124, 91 S.Ct. 1858, 29 L.Ed.2d 363 (1971); Connor v. Johnson, 402 U.S. 690, 91 S. Ct. 1760, 29 L.Ed.2d 268 (1971); Burns v. Richardson, 384 U.S. 73, 88, 86 S.Ct. 1286, 16 L.Ed.2d 376 (1966); Fortson v. Dorsey, 379 U.S. 433, 439, 85 S.Ct. 498, 13 L.Ed.2d 401 (1965).

2. The order of the District Court, in its entirety, provides:
   It is ordered that Defs. be served and ordered to answer in accordance with law.
   May 22, 1972
           Gordon West
           U. S. District Judge

3. Appellants neither sought nor alleged conditions which would permit an *ex parte* Temporary Restraining Order. Fed.R.Civ.P. 65(b).